RECEIVED

FEB - 7 2014

CLERK, U.S. DISTRICT COURT
RICHMOND. VA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     Criminal No. 3:08CR507-HEH |
| | ) |
| ALANDA WOODSON, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Alanda Woodson, a federal inmate proceeding *pro se*, filed this motion under 28

U.S.C. § 2255 (the "§ 2255 Motion") to vacate, set aside, or correct his sentence.  In his

§ 2255 Motion, Woodson asserts that in light of the decisions in *United States v.*

*Simmons*, 649 F.3d 237 (4th Cir. 2011) and *United States v. Thompson*, 826 F. Supp. 2d

863 (E.D.N.C. 2011), *vacated*, 480 F. App'x 201 (4th Cir. 2012), the Court incorrectly

sentenced him as a career offender.  *See U.S. Sentencing Guidelines Manual* ("U.S.S.G.")

§ 4B1.1 (2008).[1]  The Government has responded.  The matter is ripe for disposition.

### I. Procedural History

A grand jury charged Woodson with possession with intent to distribute heroin

(Count One); possession of a firearm in furtherance of a drug trafficking crime (Count

Two); and possession of firearm by a felon (Count Three).  (Indictment 1–2, ECF No. 1.)

Thereafter, Woodson pled guilty to Counts One and Two.  At sentencing, the Court

determined that Woodson qualified as a career offender.  (June 23, 2009 Tr. 28.)

---

[1] The Court utilizes the version of the Sentencing Guidelines employed at Woodson's
sentencing.

The Court sentenced Woodson to 240 months for Count One and a 60 month consecutive sentence for Count Two. (J. 2, ECF No. 58.)

## II. Analysis

Woodson contends that he is not a career offender as defined by U.S.S.G § 4B1.1. This guideline provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a *felony* that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of . . . a controlled substance offense.

U.S.S.G. § 4B1.1(a) (emphasis added). The relevant part of the career offender guidelines defines a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance . . . with intent to . . . distribute. . . ." U.S.S.G. § 4B1.2(b). Woodson argues that his two prior controlled substance offenses are not felonies in light of *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) and *United States v. Thompson,* 826 F. Supp. 2d 863 (E.D.N.C. 2011), *vacated,* 480 F. App'x 201 (4th Cir. 2012).

Simmons and *Thompson* do not support Woodson's contention that his designation as a career offender is invalid. *Simmons* decided a unique issue related to enhanced sentences due to prior felony convictions under North Carolina's Structured Sentencing Act (the "Act"). *See* 649 F.3d at 240–44. The Act provides strict sentencing mandates that prohibit judges from imposing more than the maximum sentence given in the Act's

2

statutory chart. *Id.* at 240 (citing N.C. Gen. Stat. § 15A–1340.13(b), (c)). In *Simmons*, the Act's statutory chart and the defendant's circumstances precluded any possibility of the defendant receiving more than one year of imprisonment for his prior North Carolina conviction. *Id.* at 243. Therefore, the defendant's prior North Carolina conviction did not qualify as a felony for purposes of calculating his sentence under the United States Sentencing Guidelines. *Id.* at 250.

In *Thompson*, the district court determined that under *Simmons* the defendant did not qualify for an enhanced sentence as an armed career criminal under 18 U.S.C. 924(e) because the defendant's actual sentences for his prior convictions did not result in physical imprisonment of over one year. 826 F. Supp. 2d at 866–67. The United States Court of Appeals for the Fourth Circuit rejected this interpretation of *Simmons*. *United States v. Thompson*, 480 F. App'x 201, 204 (4th Cir. 2012). The court held that the relevant inquiry is not the actual sentence the defendant received, but "whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." *Id.*

Woodson's two prior controlled substance offenses qualify as felonies for purposes of his career offender designation. For the first offense, possession of cocaine with intent to distribute, Woodson received a ten-year prison sentence with all but seven months suspended. (Presentence Investigation Report 8.) For the second offense, possession of cocaine with intent to distribute, Woodson received a five-year prison sentence with all five years suspended. (*Id.* at 9.) Woodson's prior sentences are for

the defendant in *Simmons*, Woodson's prior sentences were not subject to North Carolina's Act. From *Thompson*, the correct inquiry in determining whether a prior conviction qualifies as felony is not whether the defendant actually served more than one year, but whether the defendant was subject to a potential sentence of more than one year. 480 F. App'x at 204. As in *Thompson*, the circuit court had the discretion to sentence Woodson to more than one year imprisonment for both of his prior controlled substance offenses. Because both his prior controlled substance offenses potentially subjected Woodson to prison terms of more than one year, Woodson qualifies as a career offender under U.S.S.G. § 4B1.1.

### III. Conclusion

The § 2255 Motion (ECF No. 74) will be denied and the action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Woodson has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Final Order will follow.

4

(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Woodson has not satisfied

this standard.  Accordingly, a certificate of appealability will be denied.

    An appropriate Final Order will follow.

                                        /s/

                                HENRY E. HUDSON
                                UNITED STATES DISTRICT JUDGE

Date: Feb. 7, 2014
Richmond, Virginia